[Cite as *State v. Ruvoldt*, 2026-Ohio-2468.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

MARK C. RUVOLDT,

    DEFENDANT-APPELLANT.

CASE NO. 1-25-60

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CR2024 0208

**Judgment Affirmed**

**Date of Decision: June 29, 2026**

**APPEARANCES:**

    *William T. Cramer* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Mark Ruvoldt ("Ruvoldt"), brings this appeal from the October 16, 2025 judgment of the Allen County Common Pleas Court sentencing him to an aggregate prison term of 19 to 22 ½ years. On appeal, Ruvoldt argues that the imposition of consecutive sentences was clearly and convincingly contrary to law. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} Pursuant to a written, negotiated plea agreement, Ruvoldt pled guilty to three counts of Aggravated Trafficking in Drugs in the vicinity of a school in violation of R.C. 2925.03(A)(1)/(C)(1)(d), all first degree felonies (Counts 1, 2, and 4), and one count of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1)/(C)(1)(d), a second degree felony (Count 3). The charges were related to Ruvoldt's involvement in the sale of methamphetamines on four different dates from late January 2024, to mid-march 2024.

{¶3} On August 18, 2025, the trial court held a Crim.R. 11 change-of-plea hearing and determined, after inquiry, that Ruvoldt was entering knowing, intelligent, and voluntary pleas. A pre-sentence investigation was ordered and sentencing was set for a later date.

**{¶4}** On October 16, 2025, Ruvoldt proceeded to sentencing. At the sentencing hearing, the State argued in favor of an aggregate 30-year prison term, contending that Ruvoldt had not responded favorably to sanctions in the past and that he was actually facilitating drug deals over jailhouse calls while this case was pending. Two of those calls were played for the trial judge.

**{¶5}** Defense counsel argued that another individual involved in drug sales with Ruvoldt only received 22 years in prison for his actions, and thus Ruvoldt should not receive a 30-year prison term. Defense counsel argued that Ruvoldt was merely a "middleman" and a drug addict so he should not be punished as harshly. Numerous individuals provided statements on Ruvoldt's behalf, indicating he was a good, hard-working person when sober and that Ruvoldt had a difficult childhood that included a significant brain injury.

**{¶6}** Ultimately Ruvoldt was sentenced to serve the following prison terms: mandatory, indefinite terms of 6-9 years on Counts 1, 2, and 3; and a mandatory indefinite prison term of 7-10.5 years on Count 4. The trial court ordered that Counts 1 and 3 would be served concurrently, but Counts 1, 2, and 4 would all be served consecutive to each other for an aggregate prison term of 19-22 ½ years.

**{¶7}** A judgment entry memorializing Ruvoldt's sentence was filed October 16, 2025. It is from this judgment that Ruvoldt appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The record clearly and convincingly does not support the trial court's consecutive sentence findings under R.C. 2929.14(C)(4).**

{¶8} In his assignment of error, Ruvoldt argues that the trial court's determination to impose consecutive sentences was clearly and convincingly contrary to law.

Standard of Review

{¶9} Under R.C. 2953.08(G)(2), an appellate court may vacate or modify a felony sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. When reviewing the imposition of consecutive sentences, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Analysis

**{¶10}** Revised Code 2929.14(C) governs the imposition of consecutive sentences. It reads as follows:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C).

**{¶11}** The plain language of R.C. 2929.14(C)(4) requires the trial court to make specific findings on the record. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.). "Specifically, the trial court must find: (1) consecutive sentences are

necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies." *State v. Runyon*, 2024-Ohio-5039, ¶ 23 (3d Dist.). Further, the trial court must state the required findings at the sentencing hearing and incorporate those findings into its sentencing entry. *Id*. at ¶ 24. The trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

{¶12} In this case, Ruvoldt does not dispute that the trial court made the requisite findings to impose consecutive sentences pursuant to R.C. 2929.14(C)(4)(c) both at the sentencing hearing and in the final judgment entry. Rather, he contends that the trial court's findings were not supported by the record.

{¶13} As stated previously, the trial court is not required to state its reasoning to support consecutive sentences so long as it made the appropriate findings to impose consecutive sentences. *Bonnell*, *supra*, at ¶ 37. Nevertheless, the trial court did elaborate on its findings at the sentencing hearing, stating, in pertinent part, as follows:

> [Ruvoldt] was previously adjudicated a delinquent child starting at the age of eleven. It appears that he had two felonies, four misdemeanors and five community control violations as a juvenile. He also has a history of [adult] criminal convictions. By my count in the PSI he has

> six felonies, fourteen misdemeanors, six community control violations. One of those felonies was for an Escape charge and he has been sentenced at least twice to the W.O.R.T.H. Center, a community based correctional facility, in 2018 and 2020. So it is not like rehabilitative efforts on the part of the system were not taken.

(October 16, 2025, Tr. at 31). The trial court's statement establishes that the trial court gave considerable thought to its analysis of Ruvoldt's criminal history pursuant to R.C. 2929.14(C)(4)(c).

{¶14} Ruvoldt attempts to undermine the trial court's analysis by arguing on appeal that his prior felonies were "few" and "low level." However, Ruvoldt's overall criminal history is significant and there had been multiple prior attempts at rehabilitation. Moreover, even while Ruvoldt was awaiting trial in this case he was making drug deals on jailhouse calls, displaying continued criminal behavior consistent with his significant criminal history.

{¶15} After reviewing the record, we do not find that Ruvoldt has established by clear and convincing evidence that the imposition of consecutive sentences in his case was contrary to law. The trial court made the requisite findings to impose consecutive sentences both at the sentencing hearing and in the final judgment entry, and those findings are supported in the record. Therefore, Ruvoldt's assignment of error is overruled.

*Conclusion*

**{¶16}** Having found no error prejudicial to Ruvoldt in the particulars assigned and argued, his assignment of error is overruled and the judgment of the Allen County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

Case No. 1-25-60

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Juergen A. Waldick, Judge


_____
William R. Zimmerman, Judge


_____
Mark C. Miller, Judge

DATED:
/jlm

-9-